RALPH F. HIRSCHMANN (State Bar No. 81912)
rfh@hirschmannlaw.com
BELINDA M. VEGA (State Bar No. 208236)
bmv@hirschmannlaw.com
HIRSCHMANN LAW GROUP
A Professional Corporation
515 South Figueroa Street, Suite 1975
Los Angeles, California  90071
Telephone:  (213) 891-1700
Facsimile:  (213) 891-1556

Attorneys for Third Party
WESTERN ASSET MANAGEMENT COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THORNBURG MORTGAGE, INC., et al.<br><br>　　　　　　　　Defendants.<br>_____<br><br>WESTERN ASSET MANAGEMENT COMPANY,<br><br>　　　　　　　　Third Party. | Case No. CV 12-4086 SVW-CWx<br><br>[Action Pending in United States District Court, District of New Mexico, Case No. 1:09-cv-00300-JB-KBM]<br><br>**PROTECTIVE ORDER FOR RODUCTION OF CONFIDENTIAL MATERIAL BY THIRD PARTY WESTERN ASSET MANAGEMENT COMPANY**<br><br>*PLEASE NOTE CHANGES MADE BY THE COURT* |

Upon consideration of the Stipulated Protective Order entered into between the parties and third party Western Asset, filed concurrently herewith, and for good cause shown, the Court **GRANTS** the Protective Order as follows:

### 1. PURPOSES AND LIMITATIONS

Subpoenas issued by the Central District of California served on third party Western Asset Management Company ("Western Asset") in connection with *Genesee County Employees' Retirement System et al. v. Thornburg Mortgage, Inc. et al.,* pending in United States District Court, District of New Mexico, Case No. 1:09-cv-00300-JB-KBM may call for production of, or testimony about, proprietary and other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties and Western Asset hereby stipulate to and petition the Court to enter the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c). The following procedures shall govern the production and exchange of all WA Discovery Material (as defined in § 2.5 below) by and among the parties in the Action. Western Asset acknowledges that this Order does not confer blanket protections on all discovery.

### 2. DEFINITIONS

2.1 Court and Clerk of the Court refer to the United States District Court for the Central District of California.

2.2 Action refers to *Genesee County Employees' Retirement System et al. v. Thornburg Mortgage, Inc., et al.,* pending in United States District Court, District of New Mexico, Case No. 1:09-cv-00300-JB-KBM.

2.3 Proceedings Under the Order refer to motions or other proceedings in this Court pursuant to the Order.

2.4 **Party**: any party to the Action.

2.5 **WA Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and depositions exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from Western Asset in connection with discovery in this matter.

2.6 **WA Confidential Material**: Western Asset may, subject to the provisions of this Order, designate as "WA Confidential" any WA Discovery Material that Western Asset reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information or confidential personal information that requires the protections provided in this Order.

2.7 **WA Highly Confidential Material** : Western Asset may, subject to the provisions of this Order, designate any WA Discovery Material as "WA Highly Confidential," subject to the provisions of this Order, if Western Asset reasonably and in good faith believes those WA Discovery Materials constitute and reveal confidential trade secrets, non-public personal and customer information concerning individuals or other entities (including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, and medical, credit and banking information) or other sensitive confidential business or financial information, whose disclosure beyond that permitted by this Order reasonably could result in: (i) substantial competitive, commercial or personal harm to Western Asset or its clients or customers; (ii) the public disclosure of documents, information or materials that may subject Western Asset to adverse action by any regulatory authority to which it is subject; or (iii) a meaningful risk of immediate or imminent harm to a party in the above-referenced Action.

2.8 **Producing Party**: Western Asset.

2.9 **Receiving Party**: any Party or non-party that receives WA Discovery Material from Producing Party.

2.10 **Designating Party**: any Party or non-party that designates WA Discovery Material as "WA Confidential" or "WA Highly Confidential."

2.11 **WA Protected Material**: any WA Discovery Material that is designated as "WA Confidential" or "WA Highly Confidential."

2.12 **Outside Counsel**: attorneys, along with their paralegals and other support personnel assisting with this litigation, including but not limited to the regular and temporary employees and Professional Vendors of such outside counsel assisting in the conduct of the Action, who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.13 **In-House Legal Personnel**: attorneys, paralegals, and other personnel employed by a Party to perform legal functions who are responsible for overseeing this litigation for the Party, including but not limited to the regular and temporary employees and Professional Vendors of such in-house legal personnel assisting in the conduct of the Action.

2.14 **Counsel (without qualifier)**: Outside Counsel and In-House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks) as defined in §§ 2.9 and 2.10.

2.15 **Expert and/or Consultant**: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees, staff members, and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

2.16 **Professional Vendors**: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing

exhibits or demonstrations; organizing, storing, or processing data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

This Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

**4. DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise. The termination of the Action shall not relieve any person to whom WA Protected Material has been provided or disclosed from the obligations of this Order, unless Western Asset agrees in writing. Any Party or Western Asset may seek leave to enforce the Order after the termination of the Action.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection**: Western Asset must take care to limit designations to specific material that qualifies under the appropriate standards and avoid indiscriminate designations. The designation by Designating Party of any WA Discovery Material as "WA Confidential" or "WA Highly Confidential" shall constitute a representation that there is a good faith basis for such designation.

If it comes to Designating Party's attention that material that it designated for protection does not qualify for protection, or do not qualify for the level of protection initially asserted, Designating Party must promptly notify all Parties that it is withdrawing or changing the mistaken designation.

5.2 **Manner and Timing of Designations**: Except as otherwise provided in this Order *(see, e.g.*, §§5.2(b), 5.3, and 5.4), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) **for information in documentary form (including transcripts of depositions taken in other proceedings)**, that the Producing Party affix the legend "WA CONFIDENTIAL" or "WA HIGHLY CONFIDENTIAL" on the first page of a document or on the relevant page(s) of the document.

(b) **for deposition transcripts and/or exhibits**, that, with respect to any deposition at which counsel for Western Asset appears on behalf of a witness who is a current or former director, officer or employee of Western Asset, Western Asset shall designate any portion of the testimony as "WA Confidential" or "WA Highly Confidential" either on the record before the deposition is concluded, or in writing on or before the later of (i) thirty (30) days after the final transcript is received, or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of such testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Order and if testimony is not designated within the prescribed time period, then such testimony shall not be deemed WA Confidential or WA Highly Confidential except as ordered by the Court.. With respect to all depositions at which counsel for Western Asset does not appear, any Party who seeks to use WA Protected Material at a deposition or hearing has the burden of identifying the information as WA Protected Material, designating the applicable transcript portion and exhibits at a deposition or hearing as WA Protected Material, and notifying any Parties or non-parties that are affected by the designation within a reasonable time of the designation of WA Protected Material. The entire testimony of all depositions involving WA Protected Material shall be deemed to have been designated WA Highly Confidential until the time within which the transcript may be designated as WA Confidential or WA Highly Confidential has elapsed.

(c) **for information produced in electronic, audio, or video format, and for any other tangible items**, that the Producing Party affix in a prominent place

on the exterior of the container or containers in which the information or item is stored the legend "WA CONFIDENTIAL" or "WA HIGHLY CONFIDENTIAL."

5.3 **Inadvertent Failures to Designate**: Should Producing Party discover that it produced material that it considers to be WA Protected Material but was not designated as WA Protected Material or that it produced material that was designated as WA Protected Material but had designated that WA Protected Material in the incorrect category of WA Protected Material, the Producing Party may notify all Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation.  Thereafter, the material so designated or re-designated will be treated as WA Protected Material, in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Party reflecting the change in designation. The Party will replace the incorrectly designated material with the newly designated material, will destroy the incorrectly designated material, will provide the newly designated material to each non-party to whom that Party previously provided the incorrectly designated material and will instruct each such non-party to destroy the incorrectly designated material.  If corrected, an inadvertent failure to designate qualified material as "WA Confidential" or "WA Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material.

5.4 **Increasing the Designation for Material Produced by Other Parties**: Subject to the standards set forth in §5.1 of the Stipulated Protective Order entered on March 1, 2012 in the Action, a Party may change the designation of any WA Discovery Material produced by Producing Party without a designation to a designation of "WA Confidential" or "WA Highly Confidential," or designate any WA Discovery Material produced as "WA Confidential" as "WA Highly Confidential," provided that said WA Discovery Material contains the upward Designating Party's

own Confidential or Highly Confidential Material. Any such increase in the designation of a document shall be made within sixty (60) days of the date of its production, unless good cause is shown for a later increase in the designation.

Upward designations shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the WA Discovery Material whose designation is to be increased. Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the new designation. The Receiving Party will replace the incorrectly designated material with the newly designated material and will destroy the incorrectly designated material. Any Party may object to the upward designation of WA Discovery Material pursuant to the procedures set forth in §6 (CHALLENGING CONFIDENTIALITY DESIGNATIONS) of the Stipulated Protective Order entered on March 1, 2012 in the Action. The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 **Timing of Challenges**: The close of expert discovery shall be the final day on which a party may initiate a challenge to Western Asset's confidentiality designation.

6.2 **Meet and Confer**: In the event that any Party wishes to challenge the designation of material or testimony as WA Confidential or WA Highly Confidential, the Party shall give written notice of the challenge to the parties and to Western Asset. Plaintiffs shall be granted only one opportunity to challenge Western Asset's designations and Defendants shall be granted only one opportunity, such that only two notices of challenge, at most, are served in the course of the Action with respect to the entirety of the WA Discovery Material. However, if Western Asset produces additional WA Protected Material and a side (Plaintiffs or Defendants), has already exercised a challenge to previously-produced WA Protected Material, that side shall have the right to challenge the subsequently produced WA Protected Material.

...

Each side shall use best efforts to avoid multiple challenges. Written notice to Western Asset shall be given by email directed to all the following email addresses:

> To Stephen Venable at Western Asset Management Company
>
> Stephen.Venable@westernasset.com
>
> -and-
>
> To Ralph F. Hirschmann and Belinda M. Vega at Hirschmann Law Group, P.C.
>
> rfh@hirschmannlaw.com
>
> bmv@hirschmannlaw.com

6.3   A Party that elects to initiate a challenge to Producing Party's confidentiality designation must do so in good faith and must begin the process by notifying the Producing Party and the Parties in writing of its challenge and identifying the challenged material. The Producing Party shall, within fourteen (14) days of service of the written objections, respond to the challenge and state whether it agrees or refuses to withdraw the challenged designation and the basis for any refusal. If the Producing Party refuses to withdraw the challenged designation, then, within fourteen (14) business days of service of the Producing Party's response, the Party challenging the designation shall waive any such challenge unless it applies for judicial intervention, pursuant to § 6.3, for an order or ruling that the challenged WA Discovery Material should not be deemed "WA Confidential" or "WA Highly Confidential."

6.4   **Judicial Intervention**: If Western Asset does respond within the fourteen (14) day period and refuses to withdraw the challenged designation, then, the challenging party, as "moving party" and Western Asset, as "opposing party" shall thereafter follow the procedures set forth in this Court's Local Rules 37-2 through 37-4. If challenging party does not serve its portion of the joint stipulation between one and fourteen days after Western Asset refuses to withdraw the challenged designation,

the challenging party shall waive any such challenge. Under no circumstances may Western Asset's time to serve its portion of the joint stipulation be shortened to less than seven (7) days after receipt of the challenging party's portion. On any such motion, Western Asset shall have the burden of proof with regard to the confidentiality of material designated WA Protected Material. Any WA Confidential Material or WA Highly Confidential Material as to which such a motion is made shall continue to be treated as such until the final disposition of any request for review of the Court's ruling, including without limitation any appeal, petition or writ to any court of competent jurisdiction, or the expiration of the time to seek such review.

In the event that there has been a final ruling (i.e., final disposition of any request for review, including without limitation any appeal, petition or writ) and that ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within thirty (30) days of the ruling.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 A Receiving Party may use WA Discovery Material that is disclosed or produced by Producing Party only in connection with this Action for prosecuting, defending, or attempting to settle this Action; appealing from any order or judgment entered in this Action; or obtaining insurance coverage or indemnification relating to this Action. WA Discovery Material may not be used for any other purpose, including, without limitation, for competitive advantage or for any other business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding. WA Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of §10, below (FINAL DISPOSITION).

WA Protected Material must be stored and maintained by a Receiving Party at a secure location and in a secure manner that ensures that access is limited to

the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

      7.2    **Disclosure of Confidential Material** : Unless otherwise ordered by the Court or permitted in writing by Producing Party, WA Discovery Material designated "WA CONFIDENTIAL" may be disclosed only to:

      (a)    Counsel;

      (b)    where disclosure is reasonably necessary for this litigation, to current officers, directors, and employees of corporate Parties and to Parties who are natural persons;

      (c)    former officers, directors, and employees of corporate Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (d)    Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that any part of a report created by such expert or consultant relying on or incorporating WA Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use WA Protected Material to their competitive advantage or for any purpose that does not relate to the Action;

      (e)    This Court and the court in the Action (D.N.M.) and its personnel;

      (f)    Special masters and/or third parties appointed by this Court and the court in the Action or retained by the Parties for settlement purposes or resolution of discovery or other disputes, and their necessary staff;

      (g)    court reporters and/or videographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(h) the author, addressees, or recipients of the document, or any other natural person who reviewed such document during his or her employment as a result of the substantive nature of his or her employment position (whether so identified by the WA Protected Material itself or any other WA Discovery Material, including by testimony), or who is specifically identified in the document;

(i) deponents or witnesses in the Action, and their Counsel, to whom disclosure is reasonably necessary for this litigation, provided they have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) or have verbally agreed on the record to maintain the confidential nature of such material; and

(j) any other person to whom Western Asset agrees in writing or on the record; and

(k) any other person to whom this Court or the court in the Action compels access to the WA Confidential Material.

7.3 **Disclosure of Highly Confidential Material** : Unless otherwise ordered by the Court or permitted in writing by Producing Party, WA Discovery Material designated "WA HIGHLY CONFIDENTIAL" may be disclosed only to:

(a) Counsel for the Parties to this Action;

(b) Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that any part of a report created by such expert or consultant relying on or incorporating WA Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use WA Protected Material to their competitive advantage or for any purpose that does not relate to the Action;

(c) this Court and the court in the Action (D.N.M.) and its personnel;

      (d)    Special masters and/or third parties appointed by this Court or the court in the Action or retained by the Parties for settlement purposes or resolution of discovery or other disputes, and their necessary staff;

      (e)    court reporters and/or videographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

      (f)    the author, addressees or recipients of the document, or any other natural person who reviewed such document during his or her employment as a result of the substantive nature of his or her employment position (whether so identified by the WA Protected Material itself or any other WA Discovery Material, including by testimony), or who is specifically identified in the document;

      (g)    deponents or witnesses in the Action, and their Counsel, who meet the requirements of § 7.2(i) above; and

      (h)    any other person to whom Western Asset agrees in writing or on the record; and

      (i)    any other person to whom the Court compels access to the WA Highly Confidential Material.

      7.4    **Retention of Exhibit A**: Outside Counsel for the Party that obtains the signed "Agreement to Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of this Action, including any appeals, and shall make them available to other Parties upon good cause shown.

      7.5    **Retention of Protected Material**: Persons who have been shown WA Protected Material pursuant to §7.2(c), (h) or (i), or §7.3(f) or (g) shall not retain copies of such WA Protected Material.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it or any individual or entity to whom the Receiving Party disclosed WA Protected Material, including its attorneys, experts, consultants, vendors, has disclosed WA Protected

1  Material to any person or in any circumstance not authorized under this Order, the
2  Receiving Party must immediately (a) notify Western Asset in writing of the
3  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the WA
4  Protected Material, (c) inform the person or persons to whom unauthorized
5  disclosures were made of all the terms of this Order, and (d) request such person or
6  persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit A). The
7  Parties agree that irreparable harm would occur in the event of unauthorized disclosure
8  of WA Protected Material. Accordingly, Western Asset shall be entitled to seek
9  equitable relief, including specific performance, in the event of any unauthorized
10 disclosure of WA Protected Material.

11 **9. FILING PROTECTED MATERIAL**

12 **D.N.M.** In the event that before trial in this Action, or in connection
13 with any hearing in this Action or any matter relating to this Action, counsel for any
14 Party determines to file or submit in writing to the clerk of court's office of the United
15 States District Court for the District of New Mexico any WA Protected Material,
16 including WA Highly Confidential Material, or any papers containing or making
17 reference to the substance of such material or information, such documents or
18 portions thereof containing or making reference to such material or information shall
19 be filed under seal in accordance section 9 of the Confidentiality Protective Order filed
20 March 1, 2012, in the Action.

21 **C.D.Cal.** In the event that in connection with any hearing before this
22 Court relating to this Order or any matter relating to the Action, Counsel determines to
23 file or submit in writing to the Clerk of the Court's office any WA Protected Material,
24 including WA Highly Confidential Material, or any papers containing or making
25 reference to the substance of such material or information, such documents or portions
26 thereof containing or making reference to such material or information **shall be**
27 **submitted with a request for filing** under seal in accordance with Local Rule 79.
28

**10.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days after the final termination of this Action, including any appeals, each Receiving Party must return all WA Protected Material to Producing Party. As used in this section, "WA Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the WA Protected Material. The Receiving Party may destroy some or all of the WA Protected Material instead of returning it. Whether the WA Protected Material is returned or destroyed, the Receiving Party must submit a written certification to Producing Party by the sixty (60) day deadline that identifies (by category, where appropriate) all the WA Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the WA Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain WA Protected Material. Any such archival copies that contain or constitute WA Protected Material remain subject to this Order as set forth in §4 (DURATION), above.

**11.   A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS**

Nothing in this Order shall be construed to limit in any way Western Asset's use of its own documents, nor shall it affect any Party's or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

**12.   INADVERTENTLY PRODUCED DOCUMENTS**

Pursuant to Fed. R. Evid. 502, if Producing Party at any time notifies any other Party that it inadvertently disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work

product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent disclosure, the inadvertent disclosure shall not be deemed a waiver of the applicable privilege or protection.

The Receiving Party shall immediately return or destroy all copies of such documents, testimony, information, and/or things to Producing Party, shall provide a certification of counsel that all inadvertently disclosed materials have been returned or destroyed, and shall not use such items for any purpose until further order of the Court.  In all events, such return or destruction and certification must occur within five (5) business days of receipt of notice or discovery of the inadvertent disclosure.  Within five (5) business days of the notification that the inadvertently disclosed materials have been returned or destroyed, the Producing Party shall produce a privilege log with respect to the inadvertently disclosed materials.  The return of any WA Discovery Material to Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced.  Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status.  Nothing in this Order shall affect Producing Party or any Party's right to withhold from disclosure documents or information that are privileged or otherwise protected from disclosure.

### 13.   ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to WA Protected Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

## 14. DISPOSITIVE MOTION HEARINGS AND TRIAL

Any documents designated as "WA Confidential" or "WA Highly Confidential" may be used in open court in any proceeding in the Action (including, if otherwise permissible, as evidence at any hearing or the trial of the Action) or on appeal, without violation of this Order, but WA Protected Material shall not lose its status as WA Protected Material through such use. Nothing in this Stipulation and Order, however, shall preclude Western Asset from seeking an appropriate protective order from the appropriate court, should Western Asset seek to maintain the confidentiality of material used in open court.

Western Asset and each Party expressly reserves its right to seek modification of the restrictions that govern the use of WA Protected Material at trial. The Parties agree to negotiate in good faith with Western Asset as trial approaches regarding the use of WA Protected Material. Absent exigent circumstances, no later than 30 days prior to trial in the Action, the Parties shall confer with Western Asset about the use of WA Protected Material at trial. The Parties shall promptly provide Western Asset with any filing or submission to the United States District Court for the District of New Mexico discussing the use of WA Protected Material at trial. Any objection by Western Asset to the use of WA Protected Material in open court at a hearing or trial shall be resolved by the United States District Court presiding over the hearing or trial at which such use is contemplated.

## 15. LEGAL PROCESS

If a Receiving Party is served with a discovery request, subpoena, or an order issued in another proceeding (including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body), or receives some other form of legal process or discovery or regulatory request from any court, federal or state regulatory or administrative body or agency, legislative body, or self-regulatory organization, that would seek disclosure of any material designated in this Action as "WA Confidential" or "WA Highly

Confidential," the Receiving Party must notify Western Asset, in writing (by fax or electronic mail, if possible), along with a copy of the discovery or regulatory request, subpoena, or order, as soon as reasonably practicable and in any event no later than five (5) business days from receipt, unless otherwise required or prohibited by law.

The Receiving Party also must immediately inform the party who caused the discovery or regulatory request, subpoena, or order to issue in the other litigation, investigation, or inquiry that some or all of the material covered by the subpoena, request, or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the discovery request, regulatory request, subpoena, or order to issue. The Receiving Party shall not produce the requested WA Protected Material unless and until the Court so directs, except if Western Asset (a) consents, or (b) fails to file a motion to quash or otherwise contest the production of the WA Protected Material prior to the date designated for production of the WA Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford Western Asset an opportunity to try to protect its confidentiality interest in the proceeding from which the discovery request, regulatory request, subpoena, or order is issued. Western Asset shall bear the burdens and the expenses of seeking protection in that court or proceeding of its WA Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive or request from another court, arbitration panel, regulatory agency, law enforcement, legislative, or administrative body.

**16. AMENDMENT OF ORDER**

Nothing herein shall preclude any Party or Western Asset from seeking to amend this Order for good cause shown.

**17. MISCELLANEOUS**

17.1 **Right to Assert Other Objections**: By stipulating to the entry of this Order Western Asset does not waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not resolved in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order. Agreeing to the entry of this Order, and/or producing or receiving WA Confidential or WA Highly Confidential discovery material or otherwise complying with the terms of this Order shall not prejudice in any way the rights of any Party or Western Asset to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.

17.2 **Governing Law**: Except as provided for in Section 14, this Order shall be enforced in the Central District of California. This Order shall be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of California, without regard to conflict of law principles. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable Rules.

**IT IS SO ORDERED.**

DATED: May 11, 2012

*Carla M. Woehrle*
HON. CARLA M. WOEHRLE
United States Magistrate Judge